**FILED**
**Jul 17, 2018**
**02:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **WILLIE JEFFERSON,** ) | **Docket No. 2017-08-0964** |
| **Employee,** ) | |
| **v.** ) | |
| ) | |
| **SOLAE, LLC,** ) | |
| **Employer,** ) | **State File No. 74073-2017** |
| ) | |
| **OLD REPUBLIC INS. CO.,** ) | |
| **Carrier,** ) | |
| **and** ) | |
| **ABIGAIL HUDGENS, Administrator,** ) | **Judge Amber E. Luttrell** |
| **Bureau of Workers' Compensation,** ) | |
| **SUBSEQUENT INJURY AND** ) | |
| **VOCATIONAL RECOVERY FUND.** ) | |
| ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

The Court convened an Expedited Hearing on June 25, 2018, on Mr. Jefferson's request for medical and temporary disability benefits for end-stage renal disease allegedly caused by his exposure to soy protein at work. The legal issue is whether he is likely to prevail at a hearing on the merits in establishing entitlement to these benefits. For the following reasons, the Court holds Mr. Jefferson did not come forward with sufficient evidence to meet his burden and denies his request.

### History of Claim[1][2]

Mr. Jefferson began working for Dupont (later Solae) in 2001, sweeping up protein powder spills into trash bags.[3] Later, Solae promoted him to operator of a

---

[1] The hearing testimony and exhibits established the facts in the History of Claim.

[2] The Court sustained Solae's hearsay objection to Mr. Jefferson's written statements regarding what a physician told him on page three of his letter introduced as Exhibit 2. Thus, the Court did not consider the hearsay statements contained in the letter.

machine that filled bags with protein powder. Once filled, he manually stacked the bags. Mr. Jefferson testified the powder was the consistency of flour and that during the filling process, it "got all over everything." He described his work environment as "very dusty" and that he sometimes could not see his surroundings from the clouds of protein powder. Mr. Jefferson testified that his exposure to this powder caused his end-stage renal disease.

According to Mr. Jefferson, he first believed the protein powder at work and his health were connected in 2003, when a physician delayed his scheduled hernia surgery due to elevated protein levels in his blood. He stated he then went to see Charlene McCain and his supervisor to report that he believed his work elevated his protein levels.[4] Mr. Jefferson testified no one offered him a panel of physicians, and he continued working. He subsequently started nightly dialysis treatments for kidney disease.

Mr. Jefferson continued working for Solae until November 12, 2016, when he retired following a hospitalization for his health. He testified his disease is a "lifelong condition" and he currently undergoes dialysis three days per week. Mr. Jefferson stated he keeps telling doctors about his exposure to protein powder, but he acknowledged that every physician he saw said the cause of his condition is unknown.

Mr. Jefferson filed a Petition for Benefit Determination on September 1, 2017, seeking workers' compensation benefits for end-stage renal disease and listing his date of injury as November 12, 2016, his last day worked.[5]

*Medical Evidence*

Mr. Jefferson introduced medical records from Drs. Charles Cook, Carol Headley, Omar Davis, and Kim Huch at the Memphis VA Medical Center from 2003 through 2005.[6] Mr. Jefferson saw Dr. Cook in August 2003 for evaluation of his renal status after his physician found an elevated serum creatinine concentration during routine testing for his scheduled hernia surgery. Dr. Cook noted, "the etiology of this patient's renal insufficiency is not at all clear."

---

[3] Mr. Jefferson testified that, when he started working for the company in 2001, it operated under the name "Dupont."

[4] Mr. Jefferson did not identify which position Charlene McClain held. He did not recall his supervisor's name.

[5] Solae objected to a letter and allergy-testing report marked for identification as No. 1 as hearsay and on grounds that they call for medical expert testimony. The Court took the objection under advisement at the hearing and upon review sustains the objection. The Court further notes Solae and the Subsequent Injury Fund objected to the admissibility of Department of Labor and State of Tennessee documents marked for identification as Nos. 2 and 3 on grounds of hearsay, relevancy, and that TOSHA notices of penalty are inadmissible in workers' compensation proceedings. The Court took the objections under advisement at the hearing to review the documents. Upon review, the Court sustains the objections.

[6] The Court sustained Solae's objection to Mrs. Jefferson's hand-written notations on the medical records marked as exhibits 7, 8, and 9. Thus, the Court excluded these notations from consideration.

In 2004, Dr. Headley commented, "the etiology of his kidney failure is unknown." Mr. Jefferson then saw Dr. Davis in 2005, and he noted that the "[e]tiology of [Mr. Jefferson's] renal failure is glomerular in origin but unknown."

Solae introduced an "Attending Physician Statement" dated December 8, 2016, from Dr. Geeta Gyamlani, a nephrologist. Dr. Gyamlani saw Mr. Jefferson following his hospitalization in November 2016 and noted his medical problems as "[e]nd stage kidney failure dependent on dialysis, hypertension, anemia of chronic disease, hypokalemia, cardiomyopathy, [and] malnutrition." Dr. Gyamlani marked "no" when asked if his condition resulted from an injury or if the condition were work-related.

Lastly, Solae introduced a "Concurrent Disability and Leave Statement of Incapacity" completed by Dr. Perisco Wofford, a nephrologist, on March 15, 2017. Dr. Wofford indicated Mr. Jefferson was under his care at the outpatient dialysis center since 2016. Like Dr. Gyamlani, Dr. Wofford also marked "no" when asked if Mr. Jefferson's condition resulted from an injury.

## Findings of Facts and Conclusions of Law

Mr. Jefferson has the burden to prove every element of his claim but need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Motion to Dismiss*

At the conclusion of Mr. Jefferson's proof, Solae and the Subsequent Injury Fund moved for involuntary dismissal under Tennessee Rule of Civil Procedure 41.02(2), which provides:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

In analyzing Rule 41.02(2), Tennessee Courts held that, "[W]hen faced with a Tenn. R. Civ. P. 41.02(2) motion, the [trial] court weighs the evidence just as it would after all the parties had concluded their cases and may dismiss the plaintiff's claims if the plaintiff has failed to make out a prima facie case by a preponderance of the evidence." *Thompson v Adcox*, 63 S.W.3d 783, 791 (Tenn. Ct. App. 2001).

Solae and the Subsequent Injury Fund argued that Mr. Hill failed to establish that his condition arose primarily out of and in the course and scope of his employment. Specifically, defendants argued that Mr. Jefferson did not offer expert medical proof of causation. The Court agrees.

However, at this interlocutory stage of the proceedings, Mr. Jefferson need not prove all elements of his case, including medical causation, by a preponderance of the evidence. Instead, he must come forward with sufficient evidence to show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). Thus, a motion to dismiss is not appropriate at an Expedited Hearing, an interlocutory proceeding.

Accordingly, the Court denies the motion to dismiss. However, this denial should not be construed in any way to either eliminate the need for adequate proof of medical causation under the applicable standard at a Compensation Hearing or to prevent either party from presenting additional evidence at a hearing to reverse or modify this nonfinal denial of the motion to dismiss. *See McCord,* at *5.

*Application of Law to Facts*

Having addressed the motion to dismiss, the Court will now analyze the evidence under the applicable standard of proof.

Solae and the Subsequent Injury Fund primarily contended that Mr. Jefferson failed to prove a compensable injury under Tennessee Code Annotated section 50-6-102. Specifically, as stated above, defendants argued Mr. Jefferson failed to come forward with medical evidence causally relating his illness to his employment. Alternatively, defendants argued that the statute of limitations barred Mr. Jefferson's claim. The Subsequent Injury Fund further argued that the proof was insufficient to prove its liability under Tennessee Code Annotated section 50-6-208.

To be compensable, an injury must arise primarily out of and in the course and scope of employment. Arising primarily from employment means the employment must contribute more than fifty percent in causing the injury, considering all causes. That contribution must be "shown to a reasonable degree of medical certainty," meaning a physician gives the opinion the injury is work-related "more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14).

An employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple or routine." *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015). While an employee's testimony regarding causation is probative, it is insufficient to establish

4

causation in the absence of medical evidence. *Arciga v. AtWork Personnel Servs.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Feb. 2, 2016).

Here, the Court finds Mr. Jefferson did not come forward with sufficient proof to show he is likely to prevail at trial in establishing a compensable injury. As previously stated, he is not required to prove his case by a preponderance of the evidence at this stage; however, he must still come forward with sufficient evidence from which the Court may determine he is *likely to prevail* at trial in proving an injury by accident arising primarily out of his employment.

At the hearing, Mr. Jefferson did not produce any medical evidence to corroborate his claim. In fact, the entirety of the medical proof was contrary to his position. Mr. Jefferson's physicians at the VA Medical Center all stated, in various ways, that the cause of his condition was unknown. Moreover, Dr. Gyamlani marked "no" when asked if Mr. Jefferson's condition resulted from an injury or if the condition were work-related.

The Court recognizes that Mr. Jefferson adamantly disputed the physicians' opinions, specifically Dr. Gyamlani's; however, his disagreement, while genuine, is legally insufficient to refute their opinions. Concerning the employee's burden to produce medical proof, the Workers' Compensation Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

*Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) (internal citations omitted).

Based on the foregoing, the Court holds Mr. Jefferson did not come forward with sufficient proof to show he is likely to prevail at trial and denies his request for medical and temporary disability benefits. Because Mr. Jefferson did not meet his burden at this stage, the Court need not address the sufficiency of the other defenses at this time.

**IT IS THEREFORE, ORDERED** as follows:

1. Mr. Jefferson's request for medical and temporary disability benefits is denied.

2. **This matter is set for a Status Hearing on Tuesday, August 7, 2018, at 1 p.m. Central Time. You must call toll-free 855-543-5039 to participate in the Hearing.**

5

**ENTERED July 17, 2018.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Jefferson's TRCP 72 Declaration
2. Mr. Jefferson's letter to Mediator Schwartz
3. Wage Statement
4. Broadspire WC Reporting Form
5. Dr. Gyamlani's Attending Physician Statement (December 8, 2016)
6. Dr. Wofford's Concurrent Disability and Leave Statement of Incapacity (March 5, 2017)
7. Memphis VA Medical Center Progress Notes (August 14, 2003)
8. Memphis VA Medical Center Progress Notes (May 3, 2005)
9. Memphis VA Medical Center Progress Notes (February 2005)

Technical Record:
1. Petitions for Benefit Determination (collective exhibit)
2. Dispute Certification Notice (collective exhibit-8 pages)
3. Attorney Renfroe's Motion to Withdraw as Counsel
4. Employee's Motion for Extension to File Request for Expedited Hearing
5. Order Setting Show Cause Hearing
6. Transfer Order
7. Employer's Response to Employee's Request for Extension to File Expedited Hearing Request
8. Attorney Renfroe's Affidavit in Support of Motion to Withdraw
9. Order following Show Cause Hearing and Granting Motion to Withdraw
10. Request for Expedited Hearing
11. Order Setting Expedited Hearing
12. Employer's Pre-Hearing Brief

Marked for Identification Only:
1. Letter to Mr. Jefferson from Department of Health and Human Services
2. Letter to Mrs. Jefferson from Department of Labor and Citations (collective-13 pages)
3. Department of Labor Citation (collective-12 pages)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this July 17, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Willie Jefferson, Self-Represented Employee | | | X | Ollie_jefferson@comcast.net |
| Stephen Miller, Employer's Attorney | | | X | smiller@mckuhn.com |
| Timothy Kellum, SIVRF's Attorney | | | X | Timothy.kellum@tn.gov |

Penny Shrum by tw

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov